LANDON and HERRICK, JJ., concur. PARKER, P. J., and MERWIN, J., dissent.

---

(16 Misc. Rep. 606)

## In re LENT et al.

### (Supreme Court, Special Term, Albany County. April, 1896.)

MUNICIPAL CORPORATIONS—ANNEXATION OF TERRITORY—ENFORCEMENT OF INDEMNITY.

Laws 1895, c. 934, annexing part of the town of East Chester to the city of New York, requires the city to pay to the town a proportionate part of the debt of the town, and provides that, in case of the failure of the town board to agree with the city as to the amount, the supreme court should determine it, and "enforce the same in a suit in equity to be brought in the name of the town in whose favor such award shall be made, not less than six months nor more than one year after the passage of this act." *Held*, that the statute provides for a single suit, in which the amount due is to be determined, and payment thereof enforced.

Petition by Herbert D. Lent and others, composing the town board of the town of East Chester, to obtain a determination as to the amount which should be equitably paid to the town by the city of New York. Petition dismissed.

Herbert D. Lent, for petitioners.
Charles A. O'Neil, Asst. Corp. Counsel, opposed.

CHESTER, J. The town board of the town of East Chester have made this motion upon a petition asking the court to determine the amount which should equitably be paid to the town by the city of New York, under the provisions of chapter 934, Laws 1895, because of the annexation of a portion of said town to said city. The city of New York makes a preliminary objection to the motion, and asks that the petition be dismissed on the ground that the same is not authorized by law; the claim being that, under the statute, the matter should come before the court in the form of an action, and

not as a special proceeding commenced by a petition. The act in question (chapter 934, Laws 1895) became a law June 6, 1895, and took effect immediately. It provided for the annexation to the city of New York of a portion of the town of East Chester, and of other towns and villages mentioned in the act, and vested the public property of each of such towns and villages in the mayor, aldermen, and commonalty of the city and county of New York. The act also provided (section 3) that:

"Such proportion of the debts and obligations of each of said towns and villages and of the debts and obligations of the county of Westchester, existing when this act shall take effect, as should proportionately and equitably be paid by the inhabitants and property of the territory by this act annexed, and such other remuneration as should equitably be paid by the city and county of New York for the property and rights acquired by it by this act, shall be paid by the city and county of New York to each of said towns and villages respectively and to said county of Westchester. * * * In case of the failure of either of said towns or village boards to agree, within six months after the passage of this act, with the mayor and aldermen of the city of New York, as to the proportion to be paid to each of said towns and villages, respectively, * * * the supreme court of the Third judicial district shall have power to determine, in each case where such a disagreement occurs, upon the amount of such proportion, if any, and to enforce the same, in a suit in equity to be brought in the name of the town, county or village in whose favor such award shall be made, not less than six months nor more than one year after the passage of this act."

The city and the town have failed to agree, and this application has resulted. It seems to be conceded that the words "supreme court of the Third judicial district," in this statute, were intended to mean the supreme court in the Third judicial district, and this application has therefore been made to the court in that district.

But a more serious question is presented as to whether or not the town board can come into court by petition, instead of by an action, and ask for an award. On behalf of the petitioners, it is claimed that the provision for a suit in equity in the name of the town in whose favor such award shall be made means that an award must be first made in a proceeding in the nature of an arbitration, and a suit to enforce the payment of it follow in case the city fails or refuses to pay. While the learned corporation counsel of the city concedes that, if the statute is to be literally construed, it implies that the amount is to be first determined by the court in a proceeding like the present, and a suit follow for the collection of the award, yet he insists that the nature of the controversy is such as to involve a long accounting which may necessarily be protracted long after the expiration of the year in which, under the statute, a suit in equity must be brought. The petitioners also fear this result of their present proceeding unless the utmost diligence is had. I think the entire controversy should be settled in a single suit to be brought in the name of the town against the mayor, aldermen, and commonalty of the city and county of New York. I also think a fair interpretation of this peculiar statute will not prevent the commencement of such suit in advance of the determination of the amount that should equitably be paid by the city. The statute expressly says that "the supreme court * * * shall have power to determine, in each

case where such a disagreement occurs, upon the amount of such proportion, if any, and to enforce the same, in a suit in equity." It is plain from this quotation from the statute that the power is given to the court to determine the amount in a suit in equity, as well as to enforce the same in such suit; and it seems to me that the fair intendment of the statute is that both the determination of the amount and the enforcement of the same are to be in a single suit. The language is "in a suit," not "in suits," and not "in a special proceeding and a suit." It is true, the statute provides that such suit is "to be brought in the name of the town in whose favor such award shall be made, not less than six months nor more than one year after the passage of this act." It only requires that the word "shall," in the last quotation, shall be interpreted to mean "may," to make this last provision harmonize with the rest of the statute, and to justify, in my opinion, a construction permitting the amount to be determined and the enforcement to be had in a single suit. It seems to me that this construction comes nearest the intent of the act, and gives effect to the fair meaning of all its provisions. The suit would be one in equity, and would be similar to a suit to foreclose a mortgage where the first thing to be ascertained is the amount due upon the mortgage, and the next to enforce the same as against the property upon which the mortgage was a lien, or a suit for an accounting, where the first thing to be determined is the state of the account, and the next thing to enforce the same against the parties chargeable therewith. The statute clearly gives the town a cause of action against the city to enforce the payment of an equitable proportion of the debts and obligations of the town, and for the payment of an equitable remuneration for the property and rights acquired by the city under the annexation act; and I do not think it was the intention of the legislature, by the act in question, to compel the town to first resort to a special proceeding to have the amount which the city should pay determined, and then bring a separate suit to enforce payment of such amount, but rather that it was the intention that the town, by the ordinary and usual methods of procedure in a single suit brought in the Third judicial district, might have such cause of action adjudicated upon and enforced. This view will relieve the situation of the difficulty suggested with reference to the short statute of limitations contained in the law, as ample time yet remains for the town to commence suit. It results that the petition should be dismissed, but, because of the somewhat doubtful meaning of the act in question, the dismissal should be without costs.

Petition dismissed, without costs.